UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,                  Case No. 15-20310
                                                Hon. Mark A. Goldsmith

vs.

KEVIN WALLER,

            Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE (Dkt. 109)**

This matter is before the Court on Defendant Kevin Waller's motion for reduction of sentence under the First Step Act (Dkt. 109). The Government filed a response (Dkt. 112), and Waller filed a reply (Dkt. 119). For the reasons that follow, the Court denies Waller's motion.

**I.      BACKGROUND**

On May 21, 2015, Waller was indicted on various charges relating to his involvement in a large-scale conspiracy to distribute cocaine and heroin. See Indictment (Dkt. 1). Waller pleaded guilty to the following two offenses: (i) conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1); and (ii) laundering monetary instruments, in violation of 18 U.S.C. § 1956(a)(1). Judgment (Dkt. 108). He was sentenced to 96 months' imprisonment on both counts, to run concurrently. Id. Waller was also indicted in a separate action, based on his involvement with another drug-

trafficking organization that was distributing cocaine and heroin obtained in Mexico.  See United States v. Waller, No. 18-20639 (E.D. Mich.).  In that case, Waller pleaded guilty to conspiracy to possess with intent to manufacture and distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  2/11/19 Judgment, United States v. Waller, No. 18-20639 (Dkt. 14).  He was sentenced to 96 months' imprisonment for that conviction, to run concurrently to the sentences imposed in the present action.  Id.

## II.    ANALYSIS

Waller seeks reduction of his sentence under the First Step Act.  Mot. at 2 (Dkt. 109).  Generally, a court may not modify a term of imprisonment once it has been imposed except in limited circumstances.  18 U.S.C. § 3582(c).  One of the exceptions to this rule provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]"  Id. § 3582(c)(1)(B).  Waller contends that the First Step Act provides the statutory authority necessary to reduce his sentence.

In 2010, Congress passed the Fair Sentencing Act, Pub L. No. 111-220, 124 Stat. 2372, which was aimed at reducing the sentencing disparities between offenses involving crack and powder cocaine.  United States v. Blewett, 746 F.3d 647, 649 (6th Cir. 2013).  Specifically, the Fair Sentencing Act increased the threshold quantities of cocaine base necessary to trigger the mandatory statutory penalty ranges set forth in 21 U.S.C. § 841(b).  Initially, the Fair Sentencing Act did not apply retroactively.  Id.  In 2018, however, Congress passed the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, which made the Fair Sentencing Act's statutory penalty modifications retroactive.  Section 404(b) of the First Step Act expressly authorizes courts to impose reduced sentences for

defendants convicted of "covered offenses," as if the Fair Sentencing Act had been in effect at the time the covered offense was committed. A "covered offense" means a violation of a federal criminal statute, for which the statutory penalties were modified under the Fair Sentencing Act, that was committed before August 3, 2010. Pub. L. No. 115-391, § 404(a).

Waller is not eligible for relief under the First Step Act because he was not convicted of a "covered offense" that was committed before August 3, 2010. The indictment in the present case concerns conduct that occurred between 2014 and 2015. Moreover, Waller's sentences were imposed well after the Fair Sentencing Act went into effect.

Additionally, there is some question whether Waller was convicted of a "covered offense" that was modified under the Fair Sentencing Act, given that he was convicted of offenses involving powder cocaine and heroin rather than crack cocaine. Some courts have held that since the Fair Sentencing Act modified the statutory penalties applicable only to crack cocaine offenses, the First Step Act does not permit reduction of sentences for offenses involving substances other than crack cocaine, such as powder cocaine. See, e.g., United States v. Pubien, 805 F. App'x 727, 730 (11th Cir. 2020); United States v. Majors, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019). But other courts have held that dual-object conspiracies involving both crack cocaine and some other substance are considered "covered offenses" under the First Step Act. See, e.g., United States v. Winters, 986 F.3d 942, 948 (5th Cir. 2021). The Fifth Circuit reasoned in Winters that whether a defendant was convicted of a "covered offense" must be determined by reference to the statute of conviction rather than the type of substance involved. Id. This reasoning suggests that any

3

conviction under 21 U.S.C. § 841(a) would be subject to modification under the First Step Act, regardless of whether it involved crack cocaine.

In any event, however, because Waller was not convicted for an offense committed before August 3, 2010, he is not eligible for relief under the First Step Act.

### III.   CONCLUSION

For the reasons stated above, the Court denies Waller's motion for reduction in sentence (Dkt. 109).

SO ORDERED.

Dated: March 31, 2021                          s/Mark A. Goldsmith
      Detroit, Michigan                         MARK A. GOLDSMITH
                                       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2021.

                                       s/Erica Karhoff on behalf of
                                       Karri Sandusky, Case Manager